UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE SHACKS,

Plaintiff,

v.

ZEDRICK TAYLOR and BRANDON BARTKOWIAK,

Defendants.

Case No. 25-12325
Honorable Laurie J. Michelson

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [28], ADOPTING THE REPORT AND RECOMMENDATION [27], AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [20]**

Anthony Dwayne Shacks filed this *pro se* prisoner civil rights lawsuit under 42 U.S.C. § 1983 against Zedrick Taylor and Brandon Bartkowiak—two medical officers at the Iona Correctional Facility where he is housed. (ECF No. 1.) Shacks alleges that Defendants assaulted him, left him in a restraint chair for hours, and deprived him of food during that time. (*Id.*) According to Shacks, these actions amounted to a violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*)

Defendants filed a motion for summary judgment, asserting that Shacks failed to administratively exhaust his claim. (ECF No. 20.) All pretrial matters were referred to Chief Magistrate Judge David R. Grand (ECF No. 14), who recommended that the Court grant Defendants' motion for summary judgment (ECF No. 27). Shacks filed objections. (ECF No. 28.) For the reasons that follow, the Court overrules

Shacks' objections, adopts Judge Grand's recommendation, and grants Defendants' motion for summary judgment.

**I.**

The Prison Litigation Reform Act (PLRA), requires prisoners to exhaust their available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a). To satisfy the PLRA's exhaustion requirement, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Under Michigan Department of Corrections (MDOC) Policy Directive 03.02.130, within two business days of a grievable issue, Shacks needed to attempt to reconcile the issue with the staff member(s) involved, and if unsuccessful, file a Step I grievance within five business days. (ECF No. 20, PageID.41 (citing ECF No. 20-2).) From there, Shacks was required to pursue grievances through Step III of the grievance process. (*Id.*)

Judge Grand reviewed the record, which included a copy of Shacks' MDOC Prisoner Step III grievance report and an affidavit attesting to its accuracy. (ECF No. 27, PageID.104.) Based on this record, Judge Grand found that Shacks had "failed to pursue *any* grievances through Step III" and thus failed to exhaust his claim as required by the PLRA. (*Id.*)

Judge Grand then addressed Shacks' argument that, based on *Perttu v. Richards*, 605 U.S. 460 (2025), the issue of exhaustion should be decided by a jury. (*Id.* at PageID.104–105.) Judge Grand explained that *Perttu* requires that a jury decide exhaustion when the "underlying claim" is "intertwined with the question of

whether [Shacks] exhausted his administrative remedies prior to filing suit." (*Id.* at PageID.105.) Since Shacks "ma[de] no argument that Defendants' challenged conduct impacted his ability to exhaust his claims[,]" Judge Grand found that the exhaustion question was "wholly unrelated" to the underlying claim, and thus should not be left to a jury. (*Id.* at PageID.106.)

As to Shacks' alternative argument that the "ICF prison legal writer staff" did not help him respond to Defendants' summary judgment motion, Judge Grand concluded that this was irrelevant to the exhaustion issue. (*Id.* at PageID.106.) The summary judgment briefing occurred in April/May 2026, whereas Shacks was obligated to exhaust his claim back in February 2025 after the alleged incident occurred well before he filed this lawsuit. (*Id.* at PageID.106–107.)

Accordingly, Judge Grand issued a report and recommendation that the Court grant Defendants' motion for summary judgment. (*See generally id.*) Soon after, Shacks filed objections to Judge Grand's R&R. (ECF No. 28.)

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district

court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III.

Shacks raises three objections to Judge Grand's recommendation: (1) that his grievance was improperly rejected because the receipt/appeal form contained the incorrect grievance number on it; (2) that he did properly exhaust his claims; and (3) that *Perttu v. Richards* governs his case and requires that the exhaustion issue be decided by a jury. (ECF No. 28.)

Start with Shacks' first objection—that his grievance was properly filed but mistakenly rejected because the receipt/appeal form contained the wrong grievance number. Shacks did not raise this issue in response to Defendants' summary judgment motion. (ECF No. 24.) So he cannot do so now. *Arrington v. Scott*, No. 12-529, 2013 WL 1080296, at *2 (W.D. Mich. Mar. 14, 2013) ("[A] party is not permitted to raise new arguments, issues, or evidence in objections to an R&R which he did not raise in his briefs before the Magistrate Judge.") (citing *Searcy v. Corr. Med. Servs., Inc.*, No. 07–838, 2009 WL 910412, at *2 (W.D. Mich. Mar. 31, 2009)); *Ward v. County of Wayne*, No. 21-12742, 2024 WL 1174555, at *8 (E.D. Mich. Mar. 19, 2024) ("A party may not raise new matters in Objections that he did not first raise within initial briefing.").

And even so, it fails for the same reason as his second objection—that he did properly exhaust his grievance. Where, as here, "the defendant[s] supplie[d] evidence showing that the MDOC's grievance identifier system has no record of [an exhausted grievance]," then Shacks "must at least produce *some* evidence – such as a copy of the grievance – as proof that he in fact filed one." *Sango v. Godley*, No. 23-12283, 2025 WL 815625, at *3 (E.D. Mich. Jan. 13, 2025), *report and recommendation adopted*, No. 23-12283, 2025 WL 486669 (E.D. Mich. Feb. 13, 2025) (collecting cases); *Gomez v. Rogers*, No. 24-11666, 2026 WL 774448, at *5 (E.D. Mich. Feb. 24, 2026), *report and recommendation adopted*, No. 24-11666, 2026 WL 769435 (E.D. Mich. Mar. 18, 2026) ("However, a prisoner cannot overcome a properly supported summary judgment motion on the basis of exhaustion by simply asserting, without any corroborating evidence, that the grievance process was unavailable to him for some reason."). Shacks has not attached any evidence on this point. Thus, his conclusory assertions that he *did* in fact exhaust his claims or was prevented from doing so due to a clerical error or intentional interference fail to survive summary judgment. *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) ("In order to survive summary judgment, Plaintiff cannot rely on conjecture or conclusory accusations."). Accordingly, Judge Grand properly found that Shacks failed to exhaust his administrative remedies under the PLRA. So Shacks' first and second objections are overruled.

Shacks' third and final objection is that a jury must decide the exhaustion issue. He points to *Perttu v. Richards* as support. (ECF No. 28, PageID.113.) But

Judge Grand already considered and rejected that argument, finding *Perttu* did not apply here because the exhaustion issue was "wholly unrelated" to the merits of his Eighth Amendment claim. (ECF No. 27, PageID.106.) This objection is thus improper because it merely "rehash[es] arguments already rejected." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Bruder v. Select Portfolio Servicing, Inc.*, No. 24-13075, 2026 WL 2947323, at *2 (E.D. Mich. Sept. 30, 2026)). So the third objection will be overruled as well.

## IV.

Accordingly, the Court OVERRULES Shacks' objections (ECF No. 28) and ADOPTS Judge Grand's report and recommendation (ECF No. 27). Thus, Defendants' motion for summary judgment (ECF No. 20) is GRANTED.

IT IS SO ORDERED.

Dated: November 13, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE